THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| Melvin Rodriguez and Maria I. Rodriguez, <br><br> Plaintiffs, <br><br> – against– <br><br> Bay Atlantic Federal Credit Union and Trans Union, LLC, <br><br> Defendant(s). | Civil Action No. <br><br><br> **COMPLAINT** |

## COMPLAINT

Plaintiffs, Melvin Rodriguez and Maria I. Rodriguez (hereinafter "Plaintiffs"), by and through their attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Bay Atlantic Federal Credit Union ("Bay Atlantic") and Trans Union, LLC ("Trans Union") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the New Jersey Fair Credit Reporting Act, N.J. Stat. §56:11-28, et sq. (the "NJ FCRA"), and other claims related to unlawful credit reporting practices. The FCRA and NJ FCRA prohibits furnishers and credit reporting agencies ("CRAs") from falsely and inaccurately reporting consumers' credit information.

1

## PARTIES

2. Plaintiffs, Melvin Rodriguez and Maria I. Rodriguez, are adult citizens of New Jersey, domiciled in Vineland, NJ.

3. Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Bay Atlantic was, and is at all relevant times herein, a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Trans Union, a limited liability company, is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA and is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in New Jersey.

## FACTUAL ALLEGATIONS

8. Defendant Bay Atlantic issued an account ending in 0203 to Plaintiffs. The account was routinely reported on Plaintiffs' consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about July 10, 2018, Plaintiffs and McKenna, DuPont, Higgins & Stone, P.C., on behalf of Bay Atlantic entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

11. Pursuant to the terms of the settlement, Plaintiffs was required to make twenty-four (24) monthly payments totaling $6,000.00 to settle and close their Bay Atlantic account.

12. Plaintiffs, via their debt settlement representative, timely made the requisite settlement payments. Proofs of these payments are attached hereto as **Exhibit B.**

13. However, over half a year later, Plaintiffs' account continued to be negatively reported.

14. In particular, on requested credit reports dated December 4, 2020, Plaintiffs' Bay Atlantic account was reported with a status of "CHARGE OFF," a balance

of $1,629.00, and a past due balance $1,629.00. The relevant portion of Plaintiffs' credit report is attached hereto as **Exhibit C**.

15. This tradeline was inaccurately reported. As evidenced by the settlement agreements and proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about December 7, 2020, Plaintiffs, via their attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiffs' Bay Atlantic account. A redacted copy of the dispute letter is attached hereto as **Exhibit D**.

17. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by Bay Atlantic to credit reporting agencies in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In January of 2021, Plaintiffs requested updated credit reports for review. The tradeline for Plaintiffs' Bay Atlantic account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the January 2021 credit report is attached hereto as **Exhibit E**.

19. Upon information and belief, Trans Union did not notify Bay Atlantic of the dispute by Plaintiffs in accordance with the FCRA and NJ FCRA.

20. Alternatively, if Trans Union did notify Bay Atlantic, Bay Atlantic failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit reports.

21. If Bay Atlantic had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' Bay Atlantic account would have been updated to reflect a "settled" status with a balance of $0.00.

22. Despite the fact that Bay Atlantic has promised through its subscriber agreements or contracts to accurately update accounts, Bay Atlantic has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit reports, concerning the account in question, thus violating the FCRA and the NJ FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## **FIRST CAUSE OF ACTION**
(Fair Credit Reporting Act)

26. Plaintiffs reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. Bay Atlantic is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Bay Atlantic is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiffs notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. Bay Atlantic failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Bay Atlantic failed to promptly modify the inaccurate information on Plaintiffs' credit reports in violation of 15 U.S.C. § 1681s-2(b).

33. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

34. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(New Jersey Fair Credit Reporting Act)

37. Plaintiffs reasserts and incorporates herein by reference all facts and allegations set forth above.

38. Trans Union failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs within the 30-day statutory period as required by NJ FCRA, N.J. Stat. §C.56:11-36f(1).

39. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the NJ FCRA, or failed to properly investigate Plaintiffs' disputes as required by NJ FCRA, N.J. Stat. §C.56:11-36(a) and N.J. Stat. §C.56:11-36 (e).

40. As a result of the above violations of the NJ FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score and credit rating, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

41. As a result of the above violations of the NJ FCRA, Trans Union is liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
4. That judgment be entered against Defendants for actual damages pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39;
5. That judgment be entered against Defendants for punitive damages pursuant to N.J. Stat. §C.56:11-38;
6. That the Court award costs and reasonable attorney's fees pursuant to N.J. Stat. §C.56:11-38 or alternatively, N.J. Stat. §C.56:11-39; and
7. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

/s/ Kenny G. Oh
Kenny G. Oh, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (877) 366-4747
kenny.o@gitmeidlaw.com
Attorneys for Plaintiffs